UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE WILLIAMS,

    Plaintiff,

v.                                                Case No. 19-11739
                                                Honorable Victoria A. Roberts

AMAZON STUDIOS, INC., et al.,

    Defendants.

_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND *SUA SPONTE* DISMISSING THE COMPLAINT

On June 10, 2019, Plaintiff Terrence Williams ("Plaintiff") filed a *pro se* complaint against Amazon Studios, Inc. and 69 other defendants, including Hillary Clinton and Geoffrey Fieger. Plaintiff also filed an application to proceed *in forma pauperis*.

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, the Court **DISMISSES** Plaintiff's complaint because it is frivolous and it fails to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds *in forma pauperis*, the Court has an obligation to screen the complaint and dismiss the case if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although the Court construes a *pro se* plaintiff's complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that "leniency . . . is not boundless," and "basic pleading standards" still must be satisfied. *Martin v. Overton*, 391 F.3d 710, 714 (6th

1

Cir. 2004). Specifically, a *pro se* plaintiff's complaint still "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." *Goodell v. Anthony*, 157 F.Supp.2d 796, 799 (E.D. Mich. 2001).

Plaintiff alleges that several defendants infringed on his intellectual property rights. For example, he alleges that defendants "Apple Park," AT&T Corp., Barnes & Noble and Rakuten Kobo, Inc. stole his intellectual property via their use of lithium ion batteries; he says that "[p]roduction or use of Lithium Batteries is illegal due to the fact that I invented the formula" and that "[t]he Lithium Battery is under my original Copyright & by law is my legal monopoly." Plaintiff offers no evidence that he has a copyright on lithium ion technology.

Plaintiff also alleges that several defendants harassed him. He says that Hillary Clinton contacted him "during her presidential campaign in 2016 and … had the nerves[sic] to ask me if I would donate money to her campaign on one occasion," and "on another [occasion] she asked me to marry her daughter whom I believed at the time to be married." Clinton also allegedly asked Plaintiff if he "would allow her to live in his bomb shelter." Plaintiff further alleges that Hillary Clinton got his number from Donald Trump.

Plaintiff says that the amount in controversy is $3,900,000,000,000; he asks the Court to order that defendants pay "EULA fines, which would demand all their profits belong to me"; he further asks the Court to order "[p]roduction of the Lithium Ion batteries to cease . . . ."

Construing the complaint liberally, the Court finds that Plaintiff's claims lack an arguable basis in fact or law and must be dismissed. Plaintiff's complaint is frivolous and fails to state a claim on which relief may be granted.

The Court **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Moreover, the Court **CERTIFIES** that any appeal of this order would be frivolous and would not be taken in good faith; thus, an appeal may not be taken *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 8, 2019